**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIO ALEJANDRO BERNABE SAGASTUME MCINTOSH,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | Case No. 1:26-cv-02165-JLT-EGC<br>A-Number: 249-233-884<br>ORDER DENYING PETITIONER'S MOTION TO REOPEN HABEAS PROCEEDINGS AND ENFORCE JUDGEMENT<br>(Docs. 20, 27) |

On May 12, 2026, this Court entered judgment on Julio Alejandro Bernabe Sagastume Mcintosh's petition for a writ of habeas corpus. (Doc. 16.) The Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents were to bear the burden of proving by clear and convincing evidence that Petitioner presents a flight risk or danger to the community or, failing this, to release him. (*Id*. at 3.) On May 26, 2026, a bond hearing was held pursuant to this Court's order. (Doc. 20 at 1.) On June 4, 2026, Petitioner filed a motion to enforce the Court's judgment, seeking an order requiring his immediate release or a new a bond hearing. (Doc. 20.) In response, Respondents submitted the audio-recording of the May 26, 2026, bond hearing. (Doc. 24.) For the reasons set forth below, the motion is **DENIED**.

## I. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its

orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted); *see also Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (The Court's review for abuses of discretion is limited to those which allege violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions) (citation and quotations omitted). In other words, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020). While district courts are "under no obligation to address [Petitioner's] new arguments under the ambit of ensuring compliance with the earlier order," *Leonardo* 646 F.3d 1157 at 1161, the reviewing court must always bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

As a threshold matter, the Court waives the prudential exhaustion requirement in this case for habeas petitions seeking relief pursuant to 28 U.S.C § 2241. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006); *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion for enforcement motion

challenging the legality of a bond hearing because of irreparable harm from prolonging the petitioner's already lengthy detention); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous order). Such a waiver, however, does not expand the narrow scope of the Court's review: the Court will only determine whether the bond hearing was constitutionally adequate as required by its prior order, and not delve into areas of discretionary decisions made by the IJ. *See, infra*, Legal Standard.

**B. Adequacy of the Bond Hearing**

Having carefully considered and reviewed Petitioner's submissions and the digital audio recording of the May 26, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order or that the IJ abused her discretion in such a way as to violate Petitioner's due process rights. Petitioner contends that, although the hearing occurred, the immigration judge violated due process by "not assiduously" applying the burden of proof on Respondents, failing to properly consider several of the flight risk factors outlined in *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), and otherwise erring in denying bond.

The Court's prior order required the government to provide Petitioner with an individualized bond hearing before an immigration judge. The government complied with that directive. Within the time prescribed by the Court, Petitioner appeared before an immigration judge, was represented by counsel, received the assistance of a Spanish interpreter, presented documentary evidence and testimony, objected to the introduction of the government's evidence, argued for release, and received an oral ruling denying bond. In short, the government provided the hearing as ordered. Furthermore, the IJ explicitly acknowledged at the outset of the hearing that Respondents had the burden of proof to show by clear and convincing evidence that Petitioner poses either a danger to the community or a flight risk. The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an

indication that "something is amiss." *Martinez*, 124 F.4th at 785 (cleaned up); *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

The Court finds no indication that "something is amiss" in either the IJ's oral or written decision. IJ's have broad discretion to consider a number of factors to determine whether the detainee merits release on bond. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The non-exhaustive factors include: fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id*. Here, the IJ applied the correct legal standard and considered proper factors in denying bond based on Petitioner's flight risk. The IJ considered: (1) Petitioner's recent entry into the United States without inspection in 2024, (2) his lack of immediate family members with status in the United States, (3) his unstable employment history, (4) the fact that his sponsors live in different states, (4) his multiple missed ICE check-ins, and (5) that Petitioner's relief from removal is speculative.

Petitioner does not dispute the accuracy of the above-mentioned information, nor does he contend that such evidence was not fully addressed at the hearing. Rather, Petitioner argues that because Respondents failed to physically introduce any evidence at the bond hearing or provide an oral argument in favor of detention, the IJ "absolved" Respondents of their heavy burden of proof. The Court finds this argument unavailing, as most if not all of the evidence the IJ considered when denying bond was elicited through Respondents' attorney's questioning of Petitioner throughout the bond hearing.

To the extent that Petitioner challenges the IJ's weighing of the *Guerra* factors, the Court lacks the authority to "second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). Complaints about the IJ's weighing of specific pieces of evidence and the ultimate the conclusion the IJ reached must be presented through the normal immigration appeal process. *See Valenzuela*

*v. Semaia,* Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue."). Therefore, the IJ's decision denying bond was not an abuse of discretion, and there is no legal basis for the Court to find that Respondents failed to comply with its Order.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to reopen habeas proceedings enforce the Court's earlier order (Docs. 20, 27) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated: _August 14, 2026_

UNITED STATES DISTRICT JUDGE